(111 So. 679)

No. 27212.

**CITIZENS' NAT. BANK OF HAMMOND v. LORANGER et al. (Loranger et ux., Interveners).**

(Jan. 31, 1927. Rehearing Denied Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Homestead** ⬅161—Abandonment of homestead by one remaining thereon until execution sale held not voluntary, though he offered it for sale and shipped articles therefrom.

Abandonment of homestead by one who remained thereon until expelled by execution sale *held* not voluntary, but forced, though he offered it for sale while still living there and shipped certain articles therefrom just before and after sale.

2. **Homestead** ⬅161 — Property occupied by husband, during family's temporary absence, until execution sale, held exempt as "homestead". (Const. 1921, art. 11, § 1; Consts. 1898 and 1913, art. 244 et seq.).

Property actually occupied by husband, during temporary absence of his wife and children, until execution sale thereof, *held* exempt under Const. 1921, art. 11, § 1, and Consts. 1898 and 1913, art. 244 et seq., as property "bona fide owned" and "occupied" by debtor as homestead.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Homestead.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Execution proceedings by the Citizens' National Bank of Hammond against Arthur Loranger and others, in which H. R. Loranger and wife filed an intervention and third opposition. From a judgment for interveners and third opponents, plaintiff appeals. Affirmed.

See, also, 162 La. 1054, 111 So. 418.

Kemp & Buck, of Amite, for appellant.

Purser & Magruder, of Amite, for appellees interveners.

LAND, J. Under a writ of fieri facias issued in execution of a judgment against defendants in solido for the sum of $12,500, with interest and attorney's fees, the Citizens' National Bank of Hammond seized a parcel of ground measuring 100 feet on Charles street and extending back between parallel lines 150 feet, with all buildings and improvements thereon, said property being described as the E. ⅔ of the S. W. ¼ of square 53, as per plan of the town of Hammond.

The defendant H. R. Loranger and Mrs. Alice Davis Loranger, his wife, by way of intervention and third opposition, claimed the property seized as a homestead belonging to the community, and, as such, exempt from seizure and sale under article 11 of the Constitution of 1921, and under article 244 et seq. of the Constitutions of 1898 and 1913 of the state. From a judgment recognizing the homestead claim and enforcing the homestead rights of the interveners and third opponents, plaintiff bank has appealed.

1. Article 11, § 1 of the Constitution of 1921, provides that:

"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support;  *  *  *  to the value of two thousand dollars.  *  *  *

"Provided, that in case the homestead exceeds two thousand dollars in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum.

"From the benefit of homesteads allowed to husbands there shall be deducted the value of property or means owned and enjoyed by the wife."

The Constitutions of 1898 and 1913 contained provisions as to homesteads similar to those existing in the Constitution of 1921; but provided that:

"No husband shall have the benefit of a homestead whose wife owns, and is in the actual enjoyment of property or means to the amount of two thousand dollars." Article 244.

[1] Plaintiff bank attempts to justify the seizure and sale of the home of interveners upon the ground that they had voluntarily abandoned the same, as a homestead, prior to the seizure. The property seized in this case was acquired by H. R. Loranger on March 20, 1908, during the existence of his marriage to his present wife.

It clearly appears from the evidence that Loranger is the head of a family and has a wife and two minor children dependent on him for support. He erected a home a number of years ago on the property seized, and resided there with his family continuously until in May, 1923, when Mrs. Alice Davis Loranger, his wife, was called North on account of the illness of her aged father. She took the children with her, as her daughter was ill, and Mrs. Loranger had been advised by her physicians that a change of climate might prove beneficial. Mrs. Loranger's intention was to return in September and place the children in school in Hammond, but her plans were changed on account of the protracted illness of her daughter, who was under the treatment of a specialist.

From May, 1923, until the end of March, 1924, Loranger occupied his home alone, because of the necessary absence of the other members of his family. In October, November, and December, 1923, and in January and February, 1924, he rented the rooms unoccupied by himself to a tenant, but retained for his own use a room in the house, in which he slept, but took his meals out.

The writ of fieri facias was received by the sheriff on January 28, 1924. On February 12, 1924, the property was seized, and a notice of seizure was served on H. R. Loranger. The property was advertised for sale March 29, 1924, and was sold for the price of $5,000, and, after the payment of all costs, the writ was credited with $4,737.35. Loranger remained on the homestead until he was expelled by the sale provoked by plaintiff bank.

Under this state of facts, it is evident that the abandonment of the homestead was not voluntary, but forced.

The mere fact that Loranger, while living in his home alone, offered it for sale, shipped the piano and dishes the last week in March, 1924, just before the sale, and shipped personal apparel and other articles in April, 1924, after the sale, cannot be construed as a voluntary abandonment of his homestead, as defendant continued in possession of his home until the sale on March 29, 1924. The contents of the house had to be disposed of in some way on account of the sale of the property and the change of ownership.

[2] The property seized in this case is clearly exempt from execution within the intendment of the various Constitutions of this state, as it is property "bona fide owned" by the debtor and "occupied" by him as a homestead.

The wife and children of the defendant were temporarily absent without design to relinquish the place as a home, while the defendant continued to remain in actual occupancy of the homestead during their absence and until the sale of the property.

The evidence fails to satisfy us that the wife of H. R. Loranger owns any property or has any means to be deducted from the homestead claim of $2,000, recognized and enforced in the judgment appealed from.

Judgment affirmed.